**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAROD CULP, : | Civil No. 16-3791 (KM) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

In June 2016, petitioner, Sharod Culp, filed, by counsel, a motion to vacate, set aside, or

correct his sentence, under 28 U.S.C. § 2255, based on the Supreme Court's decision in *Johnson*

*v. United States*, 135 S. Ct. 2551 (2015). The petition asserts that Mr. Culp's conviction for

carjacking under 18 U.S.C. § 2119(1) was not a proper predicate offense for his conviction for

brandishing a weapon in furtherance of a violent felony under 18 U.S.C. § 924(c). Specifically,

the petition argues that carjacking under § 2119 is not categorically a violent felony under the

"elements clause" of § 924(c)(3)(A) and that it could not be considered a violent felony under the

"residual clause" of § 924(c)(3)(B), as the same residual clause in other statutes had been struck

down as unconstitutionally vague. (*See* DE 1.)

The proceeding was stayed, first pursuant to Standing Order 16-2, and subsequently upon

motion of the government pending a decision by the Supreme Court in *Sessions v. Dimaya*, 138

S. Ct. 1204 (2018). In February 2019, I ordered the proceeding reopened, directing the

government to file an answer and permitting petitioner time to file a reply brief. (DE 6.) The

government filed a brief in opposition to the § 2255 motion on March 13, 2019, and a

supplemental letter on March 21, 2019. The government argued that this Court need not decide

the constitutionality of the residual clause of § 924(c), as carjacking should be considered a violent felony under the elements clause. In so arguing, it relied on the opinion of the Court of Appeals for the Third Circuit in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), (as well as its progeny), in which the Court applied a "modified categorical" approach to convictions under § 924(c); specifically, the Court considered the fact that the defendant was brandishing a firearm at the time in determining that the underlying robbery qualified as a violent felony. Petitioner has filed no reply.

On June 24, 2019, the Supreme Court issued an opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019), that touches closely on the arguments raised by the government in opposition to Mr. Culp's § 2255 motion. Primarily, the *Davis* opinion struck down the residual clause of § 924(c) as unconstitutionally vague. It also conducted an in-depth analysis of the proper approach to determining whether the underlying crime should be considered a crime of violence. *See id.* at 2325–33. It is by no means clear that *Davis* changes the analysis of the carjacking offense at issue here, but in light of the altered constitutional landscape following *Davis*, I will authorize the respondent to submit a supplemental brief addressing the effect of *Davis,* and will give petitioner an opportunity to submit a supplemental reply on the same issue.

Accordingly, IT IS this 10th day of July 2019

ORDERED that, no later than August 10, 2019, respondent shall file a supplemental opposition to the § 2255 motion, addressing how the Supreme Court's decision in *Davis* affects its arguments, and specifically addressing if and how the *Davis* decision affects the analysis of the Third Circuit in *United States v. Robinson*, 844 F.3d 137; and it is further

ORDERED that within thirty (30) days after the filing of that supplemental opposition, petitioner may file a reply.

KEVIN MCNULTY
United States District Judge