# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROD CULP, | : |
| Petitioner, | : Civ. No. 16-3791 (KM) |
| v. | : |
| UNITED STATES OF AMERICA, | : OPINION |
| Respondent. | : |

## KEVIN MCNULTY, U.S.D.J.

### I. INTRODUCTION

Petitioner, Sharod Culp, is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent, United States of America, opposes the motion. For the reasons explained in this Opinion, the Court will deny the motion and will not issue a certificate of appealability.

### II. BACKGROUND AND PLEADINGS

On July 10, 2013, Mr. Culp pleaded guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(1), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (DE 1, at 1; DE 7, at 1.) On April 11, 2014, I sentenced Mr. Culp to 30 months on count I and 84 months, consecutive, on count II), for an aggregate term of 114 months' imprisonment. *See United States v. Culp*, Crim No. 13-137, DE 73.

In June 2016, Mr. Culp filed this § 2255 motion to vacate, set aside, or correct his sentence. (DE 1.) Mr. Culp asserts that, pursuant to the United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his carjacking conviction no longer qualifies as

a predicate crime of violence under 18 U.S.C. § 924(c). (*Id.*) As a result, Mr. Culp argues that his § 924(c) conviction should be set aside. (*Id.*, at 4)

This § 2255 proceeding has twice been stayed. First, the case was stayed pursuant to Standing Order 16-2, which stayed all *Johnson*-based § 2255 proceedings in the District of New Jersey for up to 150 days to permit petitioners to supplement their filings and provide the government time to respond. (DE 5.) Following this time period, Mr. Culp's proceeding was again stayed upon a motion by the government, with the consent of Mr. Culp, until such time as the Supreme Court rendered a decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*Id.*) After a decision was issued in *Dimaya*, I ordered the proceeding reopened, directed the government to file an answer, and permitted Mr. Culp time to file a reply brief. (DE 6.) The government filed a brief in opposition to Mr. Culp's § 2255 motion on March 13, 2019, and a supplemental letter on March 21, 2019. (DE 7, 8.) Mr. Culp did not file a reply.

On June 24, 2019, while Mr. Culp's petition was pending, the United States Supreme Court issued an opinion in *United States v. Davis*, 139 S. Ct. 2319, which touched upon the arguments raised by the government in opposition to Mr. Culp's motion. Accordingly, I ordered the government to file a supplemental brief addressing the effect of *Davis*, and I provided Mr. Culp with the opportunity to submit a supplemental reply on the same issue. (DE 9.) On August 6, 2019, the government filed a supplemental brief arguing that Mr. Culp's conviction for carjacking remained a crime of violence under § 924(c)'s still-valid "elements clause." (DE 10.) Mr. Culp did not file a reply.

### III. STANDARD OF REVIEW

To grant relief on a federal prisoner's motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255, the Court must find that "there has been such a denial or infringement of

the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989)). A district court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Forte,* 865 F.2d at 62).

## IV.   ANALYSIS

In his § 2255 petition, Mr. Culp argues that his conviction for carjacking no longer qualifies as a crime of violence for the purposes of 18 U.S.C. § 924(c). (DE 1.) Mr. Culp submits that the Supreme Court's decision in *Johnson*, which invalidated the residual clause of the Armed Career Criminal Act's "violent felony" definition, applies equally to the similarly worded residual clause of § 924(c). Mr. Culp asserts that a conviction may now qualify as a predicate crime of violence for purposes of § 924(c) only if it falls under the elements clause – which, Mr. Culp asserts, his conviction for carjacking under 18 U.S.C. § 2119 does not. (DE 1, at 5-11.) Accordingly, Mr. Culp contends that his § 924(c) conviction must be set aside.

Section 924(c) provides a criminal penalty for "any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime." *Darby v. United States,* Civ. No. 18-10654, 2018 WL 3412846, at *2–3 (D.N.J. July 12, 2018) (citing 18 U.S.C. § 924(c)); *see also United States v. Foster,* 734 F. App'x 129, 132 n.3 (3d Cir. 2018). A crime of violence is defined within § 924(c) as a felony that:

(A) has an element the *use, attempted use,* or *threatened use* of physical force against the person or property of another, [the "elements clause"] or

3

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. § 924(c) (emphasis added).

Since the filing of Mr. Culp's petition, the Supreme Court has held that the *residual* clause of § 924(c) is indeed unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Significantly, however, cases such as *Davis* did not invalidate the *elements* clause of § 924(c). *See id.* Thus, crimes of violence which qualify under the elements clause of § 924(c) remain valid as predicates for liability. *See Hernandez v. United States*, Civ. No. 17-4582, 2019 WL 4727903, at *3 (D.N.J. Sept. 27, 2019); *see also United States v. Kennedy*, Civ. No. 19-1591, 2019 WL 4316867, at *1 (3d Cir. Sept. 9, 2019) (holding that a conviction which qualifies as a crime of violence under § 924's elements clause survives *Davis*.)

Post-*Johnson,* but before *Davis,* the Courts of Appeals had held that carjacking was a crime of violence under the elements clause. *See Darby*, 2018 WL 3412846, at *3 (citing *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 245-48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016)). Post-*Davis,* numerous federal courts have continued to hold that the offense of carjacking is a crime of violence under the elements clause. *See United States v. Walker*, 934 F.3d 375, 379 n.2 (4th Cir. 2019); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019); *In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019); *United States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019); *United States v. White*, No. 15-29, 2019 WL 2928749 (D. Nev. July 8, 2019). I agree; the offense of carjacking, because it has as an a element the use, attempted use, or threatened use of violence, is

4

unaffected by the invalidation of the residual clause, and continues to qualify as a crime of violence under § 924(c)'s elements clause.

In addition, and in the alternative, a panel of the Third Circuit has held that a conviction for carjacking (18 U.S.C. § 2119) accompanied by one for brandishing a weapon (18 U.S.C. § 924(c)(1)) amounts to a crime of violence under the elements clause. *See United States v. Foster*, 734 F. App'x 129, 132 n.5 (3d Cir. 2018); *accord Darby*, 2018 WL 3412846, at *3.[1] Here, as in *Foster, supra,* Mr. Culp was convicted for both the offense of carjacking and the brandishing of a weapon in furtherance of that crime. *See Culp*, Crim No. 13-137, DE 73. By that alternative route, I also find that the elements clause is satisfied.

Mr. Culp's conviction qualifies as a crime of violence under § 924(c)'s elements clause. Accordingly, it falls outside the scope of *Davis,* and he is not entitled to relief.

## V. CERTIFICATE OF APPEALABILITY

This Court must determine whether Mr. Culp is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.1. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based upon the analysis in this Opinion, Mr. Culp has not made a substantial showing of denial of a constitutional right. Therefore, this Court will not issue a certificate of a appealability.

## VI. CONCLUSION

For the foregoing reasons, Mr. Culp's § 2255 motion will be denied on the merits. Although courts considering § 2255 motions are generally directed to hold evidentiary hearings, it is apparent from the arguments before the Court and the record of the underlying criminal

---

[1] *See also United States v. Robinson,* 844 F.3d 137, 140–44 (3d Cir. 2016) (analogous Hobbs Act analysis, post-*Johnson,* but pre-*Dimaya* and *Davis*)

proceeding that, regardless of the evidence adduced at such a proceeding, Mr. Culp would not be entitled to any relief based on his motion. *See Booth,* 432 F.3d at 545. An appropriate order will be entered.

DATED: October 28, 2019

KEVIN MCNULTY
United States District Judge